116 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED CABLE TELEVISION, OF EAST SAN FERNANDO VALLEY, LTD.,
Plaintiff-Appellee.
v.
Jose CRUZ; Generoso Morales; Aida Morales, Defendants-Appellants.
 No. 96-55369.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1997.**
Decided June 13, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CV-95-04368-JMI (JR); James M. Ideman, District Judge, Presiding.
 
 
 2
 Before: BRUNETTI and O'SCANNLAIN, Circuit Judges, and HOGAN,*** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Appellants Jose Cruz, Generoso Morales and Aida Morales appeal a default judgment entered by the district court in favor of United Cable. Appellants failed to respond to the complaint alleging that they illegally intercepted and broadcast two pay-per-view boxing matches at their restaurant, Mike's Pizza.
 
 
 5
 The Appellants contend that the district court lacked personal jurisdiction. However, they do not argue that they were improperly served. In addition, "[a] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir.1993) (quotations omitted).
 
 
 6
 Appellants next argue that the complaint fails to "set forth sufficient facts for a determination of 'willful' conduct under the Communications Act." United Cable need only plead willfulness generally. See Fed.R.Civ.P. 9 ("[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally."). Appellee clearly complied with this requirement.
 
 
 7
 The Appellants also contend that the complaint failed to specify the election of the category of damages sought, the basis of the election and the amount of damages sought. However, the Appellants chose not to contest the election or the amount of damages before the district court. Instead, these straightforward issues were decided in the default judgment. Appellants may not now contest issues alleged in the complaint.
 
 
 8
 The Appellants next argue that the court erred in awarding damages without an evidentiary hearing. A "court may conduct [a hearing on the amount of damages] as it deems necessary and proper." See Fed.R.Civ.P. 55(b)(2). The court need not do so if damages are easily ascertained. See Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2nd Cir.1989). Here, the court had a sufficient basis for the damage award.
 
 
 9
 Although the Appellants also contend that 47 U.S.C. §§ 553 and 605 are unconstitutional, we are barred from examining their claims because they failed to file notice pursuant to Fed.R.App. P. 44. As to the Appellants' challenge to California Penal Code § 593d(d), the Appellants challenge a commonly understood and accepted description of state of mind. They offer no authority to support their position that the statute's willfulness standard is unconstitutionally vague, overbroad or unclear.
 
 
 10
 The Appellants fail to put forward any meritorious arguments or comply with the Appellate Rules. Thus, we consider this case an appropriate instance for the imposition of sanctions under Fed. R.App.P. 38. We transfer this appeal by separate order to the court's Appellate Commissioner to determine the amount of damages and costs to be awarded to the Appellees. See Fed.R.App.P. 38. ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."). The Appellate Commissioner shall thereafter conduct whatever proceedings he deems appropriate, and shall have authority to enter an order awarding damages and costs incurred by Appellee. See Introduction to Ninth Circuit Rules § C(2); 9th Cir.Gen.Orders 1.8, 6.3(e), 6.10.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 * Hon. Michael R. Hogan, Chief United States District Judge for the District of Oregon, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3